Lorinda Meier Youngcourt
Trial Attorney, IN 14411-49, WA 50988
Federal Defenders of Eastern WA & ID
10 North Post, Suite 700 | Spokane, WA 99201
(509) 624-7606 | Lorinda_Youngcourt@fd.org
Counsel for Nash M. Teal

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

The Honorable Thomas O. Rice, District Court Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NASH M. TEAL,<br><br>    Defendant. | Case No. 2:21-cr-78-TOR<br><br>SENTENCING MEMORANDUM |

NASH M. TEAL, by counsel, respectfully requests the Court impose a sentence of 18 months followed by three years supervised release and order that sentence to run concurrent to the supervised release sentence he is currently serving. In support of this request, Mr. Teal files this sentencing memorandum.

SENTENCING MEMORANDUM - 1

## I. Background

On June 2, 2021, a grand jury indicted Mr. Teal with possessing with intent to distribute fentanyl on February 5, 2021. ECF No. 1. By Writ of Habeas Corpus ad Prosequendum, Mr. Teal appeared for his Arraignment on July 19, 2021. ECF No. 13. Mr. Teal accepted responsibility for his actions by pleading guilty to the single count in the indictment on November 23, 2021. ECF No. 28. Mr. Teal remains detained in the Spokane County Jail and is currently serving an 18 month sentence for supervised release violations imposed by this Court on March 25, 2021 in 2:14-CR-104-TOR.[1] The Bureau of Prisons has calculated his release date as May 18, 2022.[2]

## II. Base Offense Level

Mr. Teal and the United States agree the appropriate base offense level is 14 under U.S.S.G. 2D1.1(a)(5), (c)(13), based upon his possession of between four and eight grams of Fentanyl. ECF No. 28, ¶ 8(a) (Plea Agreement). The parties intentionally did not include the user quantities of methamphetamine and heroin which probation included in the Presentence Investigation Report (PSIR) on pages 5-6, paragraph 20. *United States v. Kipp*, 10 F.3d 1463, 1466 (9th Cir. 1993) (district court should not use any drugs possessed for personal use in calculating drug quantity for

---

[1] Violations 4 – 8 of ECF No. 36 (Amended Petition for Warrant for Offender under Supervision) in 2:14-CR-104-TOR are also the basis for the Indictment in this case.
[2] BOP, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb 1, 2022).

SENTENCING MEMORANDUM - 2

base offense level). Mr. Teal requests the Court adopt the base offense level of 14 as agreed to by the parties. ECF No. 28, ¶ 8(a).

### III. Adjusted Offense Level

Mr. Teal and the United States agree the adjusted offense level is 12. Beginning with a base offense level of 14 and subtracting two levels for acceptance of responsibility, U.S.S.G. 3E1.1(a), leaves an adjusted offense level of 12.

### IV. Criminal History Score

Neither Mr. Teal nor the United States object to Probation's determination of criminal history category VI.

### V. Guideline Range

An adjusted offense level of 12 and criminal history score of VI results in a guideline range of 30-37 months.

### VI. Concurrent Sentences

Mr. Teal and the United States recommend the sentence imposed in this case be served concurrently with this supervised release violations sentence in 2:14-CR-104-TOR and that he be credited with the time he has served to date. ECF No. 28, ¶ 9.

On February 5, 2021, Mr. Teal was serving a supervised release sentence in 2:14-CR-104-TOR when he was stopped by a Spokane Deputy Sheriff. Mr. Teal was detained and searched by the Deputy who seized fentanyl pills, methamphetamine,

and heroin from his person. Mr. Teal was arrested and detained on a warrant for supervised release violations in 2:14-CR-104-TOR. 2:14 ECF No. 131.³

United States Probation filed an Amended Petition adding violations four through eight, all of which relate to the February 5, 2021 arrest. 2:14 ECF No. 136. A supervised release violations hearing was held on March 25, 2021, at which Mr. Teal admitted to being arrested for possession of fentanyl, methamphetamine, and heroin. The government requested the Court to make no findings concerning the violations based upon Mr. Teal's arrest. 2:14 ECF No. 141. This Court sentenced Mr. Teal to 18 months of incarceration for violating his supervised release. ECF No. 142.

Mr. Teal acknowledges U.S.S.G. 7B1.3(f) states,

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Mr. Teal urges the Court not to follow 7B1.3(f) for two reasons. First, 7B1.3(f) speaks to a supervised release sentence "imposed consecutive to any sentence of imprisonment that the defendant *is* serving." In this case, Mr. Teal was already serving a supervised release violation sentence when the government sought an indictment against Mr. Teal.

---

³ 2:14 ECF refers to the docket in 2:14-CR-104-TOR.
SENTENCING MEMORANDUM - 4

Secondly, the Guidelines are advisory. *United States v. Booker*, 543 U.S. 220 (2005). The Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The statutory range for the offense of possessing fentanyl with the intent to distribute is zero to 20 years of incarceration. 21 U.S.C.A. § 841(b)(1)(C) (West). Pursuant to 18 U.S.C.A. § 3553(a) (West), "The court shall impose a sentence sufficient, but not greater than necessary" to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."

**VII.  Detailed calculations of recommendation**

Mr. Teal requests the Court sentence him to 18 months of incarceration followed by three years of supervised release and order the sentence to be served concurrently with the sentence he is currently serving.

Mr. Teal was arrested on February 5, 2021, on the warrant for supervised release violations and has remained in custody. On the date of sentencing in this matter, February 15, 2022, Mr. Teal will have served 375 days, which is 12 months and 10 days.

The United States recommends a sentence at the low end of the guideline range – 30 months. ECF No. 28, ¶ 9. Eighteen months reflects a 30-month sentence minus the 12 months he has already served.

SENTENCING MEMORANDUM - 5

**VIII. Conclusion**

Mr. Teal requests the Court impose a sentence of 18-months incarceration followed by three years of supervised release and the sentence be ordered concurrent to his current sentence.

Dated: February 1, 2022

            */s/ Lorinda Meier Youngcourt*
            Lorinda Meier Youngcourt

**Certificate of Service**

I certify that on February 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify all parties of record.

            */s/ Lorinda Meier Youngcourt*
            Lorinda Meier Youngcourt
            Federal Defenders of Eastern WA & ID
            10 North Post, Suite 700
            Spokane, WA 99201
            (509) 624-7606
            Lorinda_Youngcourt@fd.org