Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NASH M. TEAL,<br><br>　　　　　　　　Defendant. | Case No. 2:21-CR-00078-TOR<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

I.　**BACKGROUND**

The Government agrees with the Offense Conduct summary outlined in paragraphs eight through fourteen of the Presentence Investigation Report. *See* ECF No. 35 at 4–5. The Defendant, having absconded from supervised release, was found to be in possession of over fifty Fentanyl laced pills that the Defendant intended to distribute to other persons within the Eastern District of Washington.

//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 1

## II. SENTENCING CALCULATIONS

### A. Base Offense Level & Enhancements

The Government, having reviewed the Presentence Investigation Report, agrees that the Base Offense Level is sixteen (16) when considering all of the substances possessed by the Defendant. *See id.* at 5–6. Neither the Government nor the Defendant have objected to the Presentence Investigation Report's calculation. *See* ECF Nos. 33 & 34. The parties also agree that the Defendant merits a three (3) level reduction for acceptance of responsibility under USSG §3E1.1(a) and (b).

### B. Departures

The Government is not seeking an upward departure in this matter. A downward departure is not warranted for the reasons discussed below.

## III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

### A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

The nature and characteristics of the Defendant's conduct justify a sentence of thirty-three (33) months imprisonment, with credit for time served since the Defendant's arrest on February 5, 2021. The Government recommends that this sentence be run concurrently to the eighteen (18) month sentence imposed following the revocation of the Defendant's supervised release in Case No. 2:14-CR-00104-TOR. *See* ECF No. 142 (2:14-CR-00104-TOR).

The Defendant's ongoing criminal behavior over the past eight years is unacceptable and presents an ongoing threat to the community in Eastern Washington. Since the Defendant's sentencing hearing for being a felon in possession of ammunition on December 4, 2014, the Defendant has repeatedly committed new offenses which include criminal mischief with a deadly weapon and the drug trafficking offense in this Indictment. *See* ECF No. 35 at 12–13. The Defendant's

GOVERNMENT'S SENTENCING MEMORANDUM - 2

noncompliance has resulted in his repeated incarceration, to include four separate revocations of his prior term of supervised release. *See id.* at 12. The Defendant's most recent transgression – attempting to distribute Fentanyl, an extremely dangerous controlled substance, in Eastern Washington – is the latest in a long line of misdeeds that demonstrates the Defendant's lack of respect for both the law and the community.

The Defendant's conduct has not been previously addressed, as the alleged violations of supervised release concerning the Defendant's drug possession were ultimately dismissed by the Court. *See* ECF No. 141 (2:14-CR-00104-TOR). The Defendant's eighteen (18) month sentence followed the Defendant's noncompliance in other areas, ranging from failing to report to the Residential Re-Entry Center to using alcohol. *See* ECF No. 142 (2:14-CR-00104-TOR).

A thirty-three (33) month sentence, with credit for time served dating to the Defendant's arrest, is appropriate. The Court should also impose a three (3) year term of supervised release, in order to both provide the Defendant opportunities for rehabilitation and reintegration into the community while protecting the community from continued potentially dangerous behavior.

    B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

The Government asks that the Court sentence the Defendant as described above. Considering the nature of the offense and the Defendant's history, the proposed sentence is appropriate to reflect the seriousness of the conduct, promote respect for the law, and provide just punishment.

    C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

As discussed above, a thirty-three (33) month sentence will hopefully deter future violations of law by the Defendant.

//

GOVERNMENT'S SENTENCING MEMORANDUM - 3

D. <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

As discussed above, a thirty-three-month (33) sentence will protect the public from future crimes by removing the Defendant from the community for a period of time.

E. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Defendant's behavior appears to be motivated, at least in part, by substance abuse issues. The Defendant, while incarcerated and on supervised release, may have opportunities to address those underlying concerns through treatment.

F. <u>The kinds of sentences available</u>

The Court may sentence the Defendant to up to twenty years in prison, a fine of up to $1,000,000, and three years of supervised release.

G. <u>The kind of sentence contemplated by the Sentencing Guidelines</u>

The Sentencing Guidelines contemplate a term of imprisonment or probation.

H. <u>Any pertinent policy statements issued by the Sentencing Commission</u>

There are no pertinent policy statements in this case.

I. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct</u>

A guideline sentence would avoid unwarranted sentence disparities.

J. <u>The need to provide restitution to any victims of the offense</u>

There is no restitution contemplated in this matter.

IV. **GOVERNMENT'S SENTENCING RECOMMENDATION**

The Government recommends that the Court impose a thirty-three (33) month sentence of imprisonment with credit for time served dating to the Defendant's arrest on February 5, 2021. The Government recommends that this sentence be run concurrently with the Defendant's eighteen (18) month sentence following the

GOVERNMENT'S SENTENCING MEMORANDUM - 4

revocation of his prior term of supervised release. Finally, the Government recommends that the Defendant be placed on three (3) years of supervised release. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated: February 1, 2022.

        Vanessa R. Waldref
        United States Attorney

        *s/Michael J. Ellis*
        Michael J. Ellis
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Lorinda Youngcourt

                    *s/ Michael J. Ellis*
                    Michael J. Ellis
                    Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 6